# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

EDDIE T. RUFFIN,
Plaintiff,

vs.

MCDONALD'S RESTAURANT,
Defendants

Civil Action No. 1:07-cv-1014
Spiegel, J.
Hogan, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Eddie Ruffin brings this employment discrimination action against his former employer, McDonald's Restaurant, alleging that McDonald's discriminated against him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000e et seq., and on the basis of his disability in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. This matter is before the Court on defendant's motion to dismiss (Doc. 14), plaintiff's memorandum in opposition (Doc. 13), and defendant's reply memorandum. (Doc. 14).

Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(1) alleging the Court lacks subject matter jurisdiction over plaintiff's complaint. Plaintiff bears the burden of proving jurisdiction in order to survive a motion to dismiss on grounds of lack of subject matter jurisdiction. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003); *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002); *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). "In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols*, 318 F.3d at 677 (citing *Rogers v. Stratton*

*Industries*, 798 F.2d 913, 916 (6th Cir. 1986)). "[W]here a defendant argues that the plaintiff has not alleged sufficient facts in [his] complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true." *Nichols*, 318 F.3d at 677 (citing *Jones v. City of Lakeland*, 175 F.3d 410, 413 (6th Cir. 1999)).

Defendant argues that plaintiff's complaint must be dismissed because it is time-barred. Prior to bringing a Title VII suit in a federal district court, the aggrieved party must timely file charges of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e). To commence a Title VII action, plaintiff must file suit within 90 days of receiving the EEOC's right-to-sue letter. 42 U.S.C. §§ 2000e-5(f)(1); *Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973). "The procedures for filing a complaint under the ADA are the same as those for filing under Title VII and a potential plaintiff has ninety days to file a complaint after receipt of the EEOC right to sue letter." *See Covucci v. Service Merchandise Co., Inc.*, 178 F.3d 1294, 1999 WL 115531, *2 (6th Cir. 1999) (citing 42 U.S.C. § 12117; 42 U.S.C. § 2000e-5(f)(1)).

In this case, plaintiff's complaint alleges he was discharged from his employment at McDonald's on November 22, 2006. (Doc. 5 at 2). Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and on March 29, 2007, plaintiff received a copy of the EEOC's Notice of Right to Sue letter. (Doc. 5 at 2). Hence, the ninety-day limitation period for filing suit expired on June 27, 2007. However, plaintiff's complaint was not presented to the Court for filing until December 14, 2007, nearly six months later.[1] Therefore,

---

[1] Plaintiff presented his complaint and motion to proceed *in forma pauperis* to the Clerk of this Court on December 14, 2007. (Doc. 1). On January 7, 2008 plaintiff's *in forma pauperis* motion was granted and the complaint was filed as of that date. (Docs. 4, 5).

2

the filing of plaintiff's complaint was untimely.

The untimely filing of plaintiff's complaint does not mean this Court lacks jurisdiction over the complaint. In *Truitt v. County of Wayne*, 148 F.3d 644 (6th Cir. 1998), the Sixth Circuit held that "the ninety-day filing requirement of 42 U.S.C. § 2000e-5(f)(1) is **not** a jurisdictional requirement but, instead, is a timing requirement similar to a statute of limitations, subject to waiver, estoppel and equitable tolling." 148 F.3d at 646-47 (emphasis in the original). *See also Seay v. Tennessee Valley Authority*, 339 F.3d 454, 469 (6th Cir. 2003). Nevertheless, the timely filing of a complaint is still a condition precedent to suit in federal court. *Williams v. Zumbiel Box and Packaging Co.*, 2005 WL 2008484, 3 (S.D. Ohio 2005) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 326 (6th Cir. 1988)). Plaintiff's failure to file his complaint within the statutory time frame must be treated like a statute of limitations which is subject to waiver, estoppel, and equitable tolling. *Truitt*, 148 F.3d at 647.

Defendant has fairly raised the issue of the untimely filing of plaintiff's complaint and the Court has solicited plaintiff's response thereto in its show cause order of August 13, 2008. (Doc. 15). Accordingly, the Court will construe defendant's arguments in favor of dismissing plaintiff's complaint under Rule 12(b)(6) for failure to satisfy the condition precedent of filing within ninety days of his receipt of the EEOC right to sue letter.[2] *See Truitt*, 148 F.3d at 647 (holding that district court's dismissal of plaintiff's Title VII claims under Rule 12(b)(1) would

---

[2]"The distinction between a jurisdictional prerequisite and a condition precedent is of significant analytical import because a dismissal for lack of subject matter jurisdiction is not a dismissal on the merits for claim preclusion purposes." *Mitchell v. Chapman*, 343 F.3d 811, 820 (6th Cir. 2003) (citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 916 (6th Cir. 1986)). "Normally, Rule 12(b)(6) judgments are dismissals on the merits and Rule 12(b)(1) dismissals are not. This is because a dismissal by a court on the basis of lack of subject matter jurisdiction does not necessarily mean another court does not have jurisdiction." *Truitt*, 148 F.3d at 647.

3

be construed as a dismissal under Rule 12(b)(6) since it made no difference to the outcome of the case).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, (1974). *See also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). In *Twombly*, the Supreme Court explained that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969.[3] The plaintiff's ground for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405-06 (6th Cir. 1998) ("court need not accept as true legal conclusions or unwarranted factual inferences"). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory."*Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)). While the complaint need not contain "heightened fact pleading of specifics," it must provide "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Twombly*, 127 S.Ct. at 1974.

As explained above, plaintiff's complaint was filed more than five months after the ninety-day filing deadline of June 27, 2007. Although plaintiff filed a response to the show cause

---

[3]The *Twombly* Court made it plain that courts should no longer use the language of *Conley v. Gibson*, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that which would entitle him to relief," when evaluating whether a complaint can withstand a dismissal motion. *Twombly*, 127 S.Ct. at 1968 (quoting *Conley*, 355 U.S. at 45-46).

4

order, his brief fails to address defendant's argument for dismissal on the basis of the expiration of the limitations period. *See* Doc. 17. Nor has plaintiff submitted any allegations or arguments in favor of waiver, estoppel, or equitable tolling. Generally, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond his or her control.[4] *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-561 (6th Cir. 2000). In the absence of compelling equitable justifications, the Court should not extend the limitations period. *Graham-Humphreys*, 209 F.3d at 561. Plaintiff has not presented any evidence showing that equitable reasons exist to excuse his failure to file within the 90-day period. Accordingly, his complaint should be dismissed for failure to state a claim for relief under Rule 12(b)(6).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant's motion to dismiss be **GRANTED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff, a non-prisoner, remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 10/16/08

Timothy S. Hogan
United States Magistrate Judge

---

[4] Courts consider five non-exhaustive factors in determining the appropriateness of equitable tolling: "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness [in] remaining ignorant of the particular legal requirement." *Truitt*, 148 F.3d at 648.

5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

EDDIE T. RUFFIN,  
Plaintiff,

vs.

MCDONALD'S RESTAURANT,  
Defendant

Civil Action No. 1:07-cv-1014  
Spiegel, J.  
Hogan, M.J.

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (*Printed Name*) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Eddie T Ruffin<br>233 McGregor Street<br>Apt. 2292<br>Cinti, OH 45219 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D. | |
| | 4. Restricted Delivery? (*Extra Fee*) ☐ Yes | |
| 2. Article Number<br>(*Transfer from service label*) | 7007 0710 0000 8134 9731 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1:07cv1014 (Doc.19)