UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EDDIE T. RUFFIN : NO: 1:07-CV-01014
:
    Plaintiff, :
: **OPINION AND ORDER**
  v. :
:
MCDONALD'S RESTAURANT, :
:
    Defendant. :

This matter is before the Court on the Report and Recommendation in which the assigned Magistrate Judge recommended that Defendant's Motion to Dismiss be granted (doc. 19), Plaintiff's Objections thereto (doc. 21), and Defendant's Reply in Opposition to Plaintiff's Objections (doc. 22). For the reasons stated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety, and GRANTS Defendant's motion to dismiss.

<u>Pro</u> <u>Se</u> Plaintiff Eddie Ruffin filed this employment discrimination action alleging Defendant McDonald's Restaurant discriminated against him on the basis of race in violation of Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000e et seq., and on the basis of his disability in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. (doc. 5). Thereafter, Defendant filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1), arguing that the Court lacks subject matter jurisdiction over Plaintiff's complaint,

because it is time-barred (doc. 14).

The Magistrate Judge considered the arguments of both parties and concluded that dismissal was appropriate (doc. 19). First, the Magistrate Judge noted in Title VII and ADA cases, a plaintiff has ninety days after receiving a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") to commence an action in federal court, and that here Plaintiff's Complaint was not filed until December 14, 2007, well beyond the ninety-day limitation period for filing suit expired (Id.). The Magistrate Judge found that untimely filing is not a jurisdictional bar, but is a condition precedent to filing suit to be treated like a statute of limitations, and therefore subject to waiver, estoppel, and equitable tolling (Id., citing among others Truitt v. County of Wayne, 148 F.3d 644 (6th Cir. 1998).[1] The Magistrate Judge found that Plaintiff submitted no allegations or arguments in favor of waiver, estoppel, or equitable tolling that would compel the Court to extend the limitations period, and therefore recommended dismissal for failure to state a claim under Rule 12(b)(6) (Id.).

Plaintiff objects to the Magistrate Judge's Report and Recommendation, arguing that his complaint was untimely filed

---

[1] Because the Defendant fairly raised the issue of untimely filing, and Plaintiff issued a response thereto, the Magistrate Judge construed Defendant's arguments in favor of dismissal under Rule 12(b)(6) rather than Rule 12(b)(1) (Id.).

2

because he was on strong medication at the time and unintentionally missed the filing deadline (doc. 21). In reply, Defendant argues that Plaintiff's explanation is not sufficient to warrant waiver, estoppel, or equitable tolling, noting that Plaintiff missed the filing deadline not by a matter of days, but by five months (doc. 22).

The Court does not find Plaintiff's objection well-taken. First, Plaintiff has not alleged that his failure to file within the ninety-day time limitation is due to waiver or equitable estoppel.[2] Second, equitable tolling generally applies only when a litigant's failure to meet a legally mandated deadline rose unavoidably from circumstances beyond his or her control.[3] See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); Graham-Humphreys v. Memphis Brooks Musuem of Art, Inc., 209 F.3d 552, 560-561 (6th Cir. 2000). The Court agrees with Defendant that

---

[2] Waiver is the "intentional relinquishment or abandonment of a known right." Days Inns Worldwide, Inc. v. Patel, 445 F.3d 899, 905 (6th Cir. 2006), and equitable estoppel is "invoked in cases where the defendant takes active steps to prevent the plaintiff from suing in time, such as by hiding evidence or promising not to plead the statute of limitations." Bridgeport Music, Inc. v. Diamond Time, Ltd., 371 F.3d 883, 891 (6th Cir 2004).

[3] Courts consider five non-exhaustive factors in determining the applicability of equitable tolling: "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness [in] remaining ignorant of the particular reasonable requirement." Truitt, 148 F.3d at 648.

Plaintiff's explanation that he was on strong medication does not justify equitable tolling.  Considering Plaintiff's ability to meet filing deadlines associated with his claim for unemployment benefits during this same time period, the Court questions the sincerity of Plaintiff's argument.  The Court finds that Plaintiff has not meet the burden of establishing that he is entitled to an equitable justification to extend the time limitations period, and has thus failed to state a claim for relief under Rule 12(b)(6). Sims v. Potter, 2006 WL 2792180, *4 (N.D. Ohio Sept. 26, 2006).

Therefore, having reviewed this matter de novo pursuant to 28 U.S.C. § 636(b), the COURT ADOPTS the Magistrate Judge's Report and Recommendation (doc. 19) in its entirety, and therefore, GRANTS Defendant's motion to dismiss (doc. 14), and DISMISSES this case from its docket.  Further the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore DENIES Plaintiff leave to appeal in forma pauperis.  Plaintiff, a non-prisoner, remains free to apply to proceed in forma pauperis in the Court of Appeals.

SO ORDERED.

Dated: November 19, 2008   /s/ S. Arthur Spiegel
                           S. Arthur Spiegel
                           United States Senior District Judge